1

2

IN THE UNITED STATES DISTRICT COURT

3

FOR THE NORTHERN DISTRICT OF TEXAS

4

AMARILLO DIVISION

5

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

**SEP 1 2 2007**

**CLERK, U.S. DISTRICT COURT**
By _____
Deputy

6

7

8    UNITED FOOD AND COMMERCIAL WORKERS       §
     INTERNATIONAL UNION;                      §
9    ROSA ARELLANO;
     DELFINA ARIAS;                            §   CIVIL ACTION NO.:
10   SONIA MENDOZA;                            §   **2-07CV-188-J**
     ROSALVA RODRIGUEZ;                        §
11   CANDACE MICHELLE SVENNINGSEN;
     MICHAEL RAY GRAVES;                       §
12   ALICIA RODRIGUEZ;
     SERGIO B. RODRIGUEZ,                      §
13
                                               §
14               Plaintiffs,                   §
     v.
15                                             §

16   UNITED STATES DEPARTMENT OF HOMELAND      §
     SECURITY, MICHAEL CHERTOFF, SECRETARY;
17   UNITED STATES DEPARTMENT OF HOMELAND      §
     SECURITY, IMMIGRATION AND CUSTOMS
18   ENFORCEMENT, JULIE L. MYERS, ASSISTANT    §
     SECRETARY;
19   UNITED STATES IMMIGRATION AND CUSTOMS     §
     ENFORCEMENT, U.S. DEPARTMENT OF
20   HOMELAND SECURITY;                        §
     JOHN AND JANE DOES 1-100,
21                                             §

22               Defendants.                   §

23

24

25

26          ORGINAL COMPLAINT - CLASS ACTION
     REQUEST FOR INJUNCTIVE AND DECLARTORY RELIEF AND DAMAGES
27               JURY DEMAND ON DAMAGE CLAIMS

28

# I

## PRELIMINARY STATEMENT

1. This is a class action in which all plaintiffs seek declaratory and injunctive relief compelling defendants the Secretary of U.S. Department of Homeland Security and the United States Immigration and Customs Enforcement (sometimes hereinafter referred to as "USICE") to comply with the Immigration and Nationality Act and the First, Fourth and Fifth Amendments to the United States Constitution while implementing work-place enforcement activities aimed at locating and deporting undocumented immigrant workers. The named individual plaintiffs also seek incidental damages for violations of their well-established Fourth Amendment right to be free from unreasonable searches and seizures during USICE work-place enforcement activities.

2. The manner in which defendants implement enforcement activities at work sites not only flaunts Congress's will and the Fourth and Fifth Amendments to the United States Constitution, it also unduly and unnecessarily disrupts the operation of businesses and the work of union members throughout the United States.

# II

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). Declaratory judgment is sought pursuant to 28 U.S.C. §§ 2201-02.

4. Venue is properly in this district pursuant to 28 U.S.C. § 1391(b) and (e)(1), (2) and (4), because some of the acts complained of occurred in this district, some of the plaintiffs reside in this district, defendants have offices in this district, and no real property is involved in this action.

/ / /

Original Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1

2

III

3

PARTIES

4

5. Plaintiff UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION

5

("UFCW") was formed in 1979 as a merger between Retail Clerks International Union

6

and the Amalgamated Meat Cutters International Union.  The UFCW currently

7

represents 1.3 million workers across the United States, Canada, and Puerto Rico in

8

9

industries including retail food, meatpacking and meat processing, and food

10

processing. UFCW's membership includes approximately 250,000 workers employed in

11

meatpacking plants. The UFCW's goals and programs seek to improve the lives and

12

working conditions of workers and their families and communities, and to protect the

13

legal rights of its members, particularly when they are at work. UFCW members and

14

potential members were detained without reasonable suspicion or probable cause to

15

believe that they were immigrants present in the United States in violation of the

16

Immigration and Nationality Act during the Swift Raids as more fully set forth below.

17

Additionally defendants denied UFCW members detained and/or arrested at all five of

18

the Swift plants access to UFCW attorneys or attorneys retained by the UFCW to

19

represent its members. The unlawful and unconstitutional manner in which defendants'

20

have implemented and continue to implement work-place enforcement actions violates

21

the rights of UFCW's members, interferes with the UFCW's goals and work and makes

22

the achievement of its goals substantially more difficult. time-consuming, and

23

24

expense than would be the case if defendants conducted work-place enforcement

25

activities in a manner consistent with the Immigration and Nationality Act and the

26

United States Constitution. Defendants' unlawful enforcement activities divert the

27

limited resources of the UFCW and make its work and the achievement of its goals

28

more difficult and costly.

Original Complaint

- 3 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1    6. Plaintiff DELFINA ARIAS is a citizen of the United States. She is a resident of

2    Cactus, Texas. She has worked at the Swift plant in Cactus, Texas for approximately five

3    years. She is a member of the UFCW, and has been a member for approximately five

4    years. On December 12, 2006, Immigration and Customs Enforcement agents, without

5    warrant or a reasonable suspicion based upon articulable facts that she was an

6    immigrant present in the United States in violation of the Immigration and Nationality

7    Act, or otherwise subject to seizure, detained plaintiff DELFINA ARIAS at the Swift plant

8    in Cactus, Texas for approximately four hours. At no time while she was detained was

9    she advised of her right to remain silent or right to counsel, or permitted access to

10   counsel.

11

12    7. Plaintiff ROSA ARELLANO is a citizen of the United States. She is a resident of

13   Dumas, Texas. She has worked at the Swift plant in Cactus, Texas for approximately 27

14   years. She has been a member of the UFCW for approximately 23 years, and a UFCW

15   steward for the last six years. On December 12, 2006, Immigration and Customs

16   Enforcement agents, without warrant or a reasonable suspicion based upon articulable

17   facts that she was an immigrant present in the United States in violation of the

18   Immigration and Nationality Act, or otherwise subject to seizure, detained plaintiff

19   ROSA ARELLANO at the Swift plant in Cactus, Texas for approximately four hours. At no

20   time while she was detained was she advised of her right to remain silent or right to

21   counsel, or permitted access to counsel.

22

23    8. Plaintiff SONIA MENDOZA is a citizen of the United States. She is a resident of

24   Dumas, Texas. She has worked at the Swift plant in Cactus, Texas for approximately 12

25   years. She is a member of the UFCW, and has been a member for approximately 12

26   years. On December 12, 2006, Immigration and Customs Enforcement agents, without

27   warrant or a reasonable suspicion based upon articulable facts that she was an

28   immigrant present in the United States in violation of the Immigration and Nationality

Original Complaint

- 4 -

1  Act, or otherwise subject to seizure, detained plaintiff SONIA MENDOZA at the Swift

2  plant in Cactus, Texas for approximately four and a half hours. During this time period

3  ICE agents searched plaintiff SONIA MENDOZA's person without warrant or other lawful

4  justification. At no time while she was detained was she advised of her right to remain

5  silent or right to counsel, or permitted access to counsel.

6      9. Plaintiff ROSALVA RODRIGUEZ is a lawful permanent resident of the United

7  States. She is a citizen and national of Mexico. She is a resident of Sunray, Texas. She

8  has worked at the Swift plant in Cactus, Texas for approximately 27 years. She has been

9  a member of the plaintiff UFCW for over three years. On December 12, 2006,

10  Immigration and Customs Enforcement agents, without warrant or a reasonable

11  suspicion based upon articulable facts that she was an immigrant present in the United

12  States in violation of the Immigration and Nationality Act, or otherwise subject to

13  seizure, detained Plaintiff ROSALVA RODRIGUEZ at the Swift plant in Cactus, Texas for

14  approximately four hours. During this time period ICE agents searched plaintiff

15  ROSALVA RODRIGUEZ's person without warrant or other lawful justification. At no time

16  while she was detained was she advised of her right to remain silent or right to counsel,

17  or permitted access to counsel.

18      10. Plaintiff CANDACE MICHELLE SVENNINGSEN is a citizen of the United States.

19  She is a resident of Dumas, Texas. She has worked at the Swift plant for approximately

20  ten years. She is a member of the UFCW, and has been a union member for

21  approximately ten years. On December 12, 2006, Immigration and Customs

22  Enforcement agents, without warrant or a reasonable suspicion based upon articulable

23  facts that she was an immigrant present in the United States in violation of the

24  Immigration and Nationality Act, or otherwise subject to seizure, detained plaintiff

25  CANDACE MICHELLE SVENNINGSEN for approximately three to four hours. During this

26  time period ICE agents searched plaintiff CANDACE MICHELLE SVENNINGSEN's personal

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

effects without warrant or other lawful justification. At no time while she was detained was she advised of her right to remain silent or right to counsel, or permitted access to counsel..

11. Plaintiff MICHAEL RAY GRAVES is a citizen of the United States. He is a resident of Waterloo, Iowa. He has worked at the Swift meatpacking plant in Marshalltown, Iowa for approximately 21 years. He has been a member of plaintiff the UFCW union for over 20 years. On December 12, 2006, Immigration and Customs Enforcement agents, without warrant or a reasonable suspicion based upon articulable facts that he was an immigrant present in the United States in violation of the Immigration and Nationality Act, or otherwise subject to seizure, detained Plaintiff MICHAEL RAY GRAVES at the Swift plant in Marshalltown, Iowa for approximately eight (8) hours. During this time period ICE Agents searched plaintiff MICHAEL RAY GRAVES' person and personal effects without warrant or other lawful justification. ICE agents also unlawfully physically restrained plaintiff MICHAEL RAY GRAVES. At no time while he was detained or physically restrained was he advised of his right to remain silent or right to counsel, or permitted access to counsel.

12. Plaintiff ALICIA RODRIGUEZ is a Lawful Permanent Resident of the United States. She is a citizen and national of Mexico. She is a resident of Marshalltown, Iowa. She has worked at the Swift plant in Marshalltown, Iowa for approximately five (5) years. She has been a member of the UFCW union for approximately five (5) years. On December 12, 2006, Immigration and Customs Enforcement agents, without warrant or a reasonable suspicion based upon articulable facts that she was an immigrant present in the United States in violation of the Immigration and Nationality Act, or had committed a misdemeanour in their presence or a felony outside of their presence, detained plaintiff ALICIA RODRIGUEZ at the Swift plant in Marshalltown, Iowa for approximately six (6) hours. During this time period Plaintiff ALICIA RODRIGUEZ was

Original Complaint

- 6 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1  unlawfully assaulted and battered by at least one ICE agent. At no time while she was

2  detained was she advised of her right to remain silent or right to counsel, or permitted

3  access to counsel.

4      13. Plaintiff SERGIO B. RODRIGUEZ is a lawful permanent resident of the United

5  States.  He is a resident of Evans, Colorado.  He has worked at the Swift meatpacking

6  plant in Greeley, Colorado for approximately 24 years.  He is a member of the UFCW,

7  and has been a member for over  20 years. On December 12, 2006, Immigration and

8  Customs Enforcement agents, without warrant or a reasonable suspicion based upon

9  articulable facts that he was an immigrant present in the United States in violation of

10 the Immigration and Nationality Act, or otherwise subject to seizure, detained Plaintiff

11 SERGIO B. RODRIGUEZ at the Swift plant in Greeley, Colorado and then without warrant

12 or probable cause, arrested and transported him to a Denver detention center. Plaintiff

13 SERGIO B. RODRIGUEZ was unlawfully detained for approximately 12 hours. During the

14 time plaintiff SERGIO B. RODRIGUEZ was unlawfully detained and arrested by ICE

15 agents, his person and personal effects were searched without warrant or lawful cause.

16 At no time while he was detained was he advised of his right to remain silent or right to

17 counsel, or permitted access to counsel.

18     14. Defendant Michael CHERTOFF is the Secretary of the United States

19 Department of Homeland Security. Defendant CHERTOFF is charged with the

20 implementation of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, and

21 with the administration and oversight of the United States Immigration and Customs

22 Enforcement. He is sued in his official capacity.

23     15. Defendant Julie L. Myers is the Assistant Secretary of Homeland Security for

24 Immigration and Customs Enforcement, and as such is charged with the administration

25 and oversight of the United States Immigration and Customs Enforcement. She is sued

26 in her official capacity.

Original Complaint

- 7 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

16. Defendant UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT is a bureau of the U.S. Department of Homeland Security. USICE is charged with the lawful implementation of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, including with engaging in enforcement activities aimed to locating, arresting and removing immigrants present in the United States in violation of the Immigration and Nationality Act.

17. Defendants John and Jane Does 1-100 are officers, agents, and employees of the Department of Homeland Security who prior to and during the Swift Raids planned, authorized, encouraged, executed, or acquiesced in the violation of the individual named plaintiffs' well-established Fourth and Fifth Amendment rights as alleged throughout this Complaint. Their identities are presently unknown to the plaintiffs. This Complaint will be amended to add the names of John and Jane Does 1-100 when such identities become known to the plaintiffs. Defendants John and Jane Does 1-100 are sued for damages in their individual and official capacities.

IV

CLASS ALLEGATIONS

18. Plaintiffs bring this action for injunctive and declaratory relief on behalf of themselves and all other persons similarly situated pursuant to Fed.R.Civ.Proc. Rule 23(a) and 23(b)(2). Plaintiffs provisionally propose this action be certified on behalf of the following class:

> All persons subjected to group detention without warrant or a reasonable suspicion based upon articulable facts that they are immigrants unlawfully present in the United States in violation of the Immigration and Nationality Act during work-place enforcement activities conducted by agents of the United States Immigration and Customs Enforcement.

Original Complaint

- 8 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

19. Members of the proposed class likely number in the thousands and are so numerous that joinder of all members is impracticable. The claims of the proposed class representatives and those of the proposed class members raise common questions of law and fact concerning, *inter alia*, whether defendants may detain workers without warrant or reasonable suspicion that they are immigrants present in the United States in violation of the Immigration and Nationality Act. These questions are common to the named plaintiffs and to the members of the proposed class because Defendants have acted and will continue to act on grounds generally applicable to both the named plaintiffs and proposed class members. The claims of the UFCW's members and those of the individual named plaintiffs are typical of the class claims. The plaintiffs will adequately represent all members of the proposed class.

20. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants. Work-place enforcement by agents of the Immigration and Customs Enforcement is a national function, not a function performed differently in each individual case or in each USICE district or region. Prosecution of separate actions would create the risk that individual class members will secure court orders that would as a practical matter be dispositive of the claims of other class members not named parties to this litigation, thereby substantially impeding the ability of unrepresented class members to protect their interests.

21. Defendants, their agents, employees, and predecessors and successors in office have acted or refused to act, and will continue to act or refuse to act, on grounds generally applicable to the class, thereby making appropriate injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiffs will vigorously represent the interests of unnamed class members. All members of the proposed class will benefit by the action brought by the plaintiffs. The interests of the

Original Complaint

- 9 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

plaintiffs and those of the proposed class members are identical. Plaintiffs are

represented *inter alia* by counsel associated with a non-profit public interest law firm

that includes attorneys highly experienced in federal class action litigation involving the

U.S. Constitution and the Immigration and Nationality Act.

V

FACTUAL ALLEGATIONS

22. Swift and Company ("Swift") is one of the largest meat producing companies

in the United States with some 15,000 employees. On December 12, 2006, six Swift

facilities located in Greeley, Colorado, Cactus, Texas, Grand Island, Nebraska, Hyrum,

Utah, Marshalltown, Iowa, and Worthington, Minnesota were raided by Immigration

and Customs Enforcement agents ("Swift Raids"). All of the plants had contracts with

the UFCW except for the plant in Hyrum, Utah.

23. Following the Swift Raids defendant Chertoff publicly announced that the

raids were conducted following "months of investigation … targeted at [the] massive

use of document fraud to support illegal work in the workplace." Defendant Chertoff

asserted that this investigation disclosed "substantial evidence" that some Swift

workers "illegally assumed the identities of U.S. citizens," a crime under federal law.

Despite this purported prior knowledge of certain individuals who had allegedly

violated United States law, as alleged below, during the Swift Raids defendants

engaged in mass warrantless detentions of workers rather than focusing their

enforcement activities on those workers regarding whom they allegedly had prior

knowledge of illegal activity.

24. On information and belief, several thousand UFCW members were detained

during the Swift Raids, and administrative arrests totalled approximately 1,139, with

approximately 297 from Cactus, approximately 252 from Greeley, approximately 252

from Grand Island, approximately 239 from Worthington, and approximately 99 from

Marshalltown. On information and belief approximately 150 workers were arrested for alleged crimes incident to immigration status, including approximately 53 workers at Cactus, approximately 21 at Greeley, approximately 26 at Grand Island, approximately 20 at Worthington, and approximately 30 at Marshalltown.  On information and belief approximately 65 of those arrested, were charged with criminal violations related to identity theft.

25. During the Swift Raids virtually all UFCW members at each Swift plant were detained as a group, told to remain in specific locations for interrogation, and were not free to leave those areas, regardless of their citizenship or immigration status, and without reasonable suspicion based upon articulable facts that they were immigrants present in the United States in violation of the Immigration and Nationality Act or otherwise subject to seizure

26. During the Swift Raids members of plaintiff the UFCW union had their person's and personal effects searched without warrant or other lawful justification.

27. During the Swift Raids UFCW members allegedly suspected of criminal conduct were not advised of their rights to remain silent or to counsel.

28.  During and immediately following the Swift Raids defendants' agents barred lawyers associated with plaintiff UFCW from conferring with UFCW members detained by agents of the Immigration and Customs Enforcement.

29. During and following the Swift Raids UFCW members were detained without regard to the immediate need to provide care and custody for their minor children, including United States citizen children.

30. Following the Swift Raids defendants' agents coerced members of plaintiff UFCW into executing waivers of their statutory and constitutional right to a due process removal hearing.  On information and belief defendants employed such coercion because they lacked sufficient detention space to hold UFCW members

Original Complaint

- 11 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

pending removal hearings and sufficient Immigration Judges to process arrested UFCW

members for formal removal hearings.

31. Defendants carried out the unlawful searches and seizures of UFCW

members as alleged herein during the Swift Raids pursuant to custom, policy, practice

and usage that defendants have followed, and unless and until enjoined by this Court,

will continue to follow at dozens of work sites nationwide. Defendant Chertoff has

publicly declared that such raids will continue to occur into the foreseeable future.

VI

IRREPARABLE INJURY

32. The UFCW and the named individual plaintiffs and those similarly situated

are suffering and will continue to suffer irreparable injury unless this Court orders relief

as prayed for herein. Such injury includes, *inter alia*, violation of their right to be free

from unreasonable and unlawful detention and arrest in violation of the Fourth

Amendment, and deprivation of due process and equal protection in violation of the

Fifth Amendment. Damages cannot adequately address the injuries suffered by

plaintiffs and their proposed class members.

VII

FIRST CAUSE OF ACTION

[Unlawful mass detentions]

33. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-32 above

as though fully re-alleged here.

34. 8 U.S.C. § 1357(a)(1) permits USICE agents to interrogate, without detaining,

any person reasonably believed to be an alien as to his right to be or to remain in the

United States. Section 1357(a)(2) authorizes an USICE agent to arrest "any alien in the

United States, if he has reason to believe that the alien so arrested is in the United States

in violation of any … law or regulation and is likely to escape before a warrant can be

Original Complaint

- 12 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

obtained for his arrest." The Fourth Amendment permits USICE agents to detain persons for deportation only upon a reasonable suspicion based upon articulable facts that the person is an immigrant present in the United States in violation of the Immigration and Nationality Act. Defendants' policy and practice of engaging in mass warrantless group detentions of all workers during work-place enforcement activities without reasonable suspicion based upon articulable facts that such detained workers are immigrants present in the United States in violation of the Immigration and Nationality Act violate 8 U.S.C. § 1357 and the Fourth and Fifth Amendments to the United States Constitution.

VIII

SECOND CAUSE OF ACTION

[Unlawful warrantless arrests]

35. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-32 above as though fully re-alleged here.

36. 8 U.S.C. § 1226 provides that "on a warrant" issued by the Secretary of Homeland Security, an immigrant may be arrested and detained pending a decision on whether the immigrant is to be removed from the United States. 8 U.S.C. § 1357(a)(2) authorizes defendants to execute warrantless arrests only if they have "reason to believe that the alien so arrested is in the United States in violation of any such law or regulation *and is likely to escape before a warrant can be obtained for his arrest ...*" Defendants' policy, practice, custom and usage are to conduct warrantless arrests of plaintiffs and their proposed class members without any reason to believe they would escape before warrants could be obtained for their arrest. Defendants' policy and practice to arrest plaintiffs and their putative class members without warrants and without determining whether the individuals arrested are likely to flee before warrants

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1    can be obtained are violative of the Immigration and Nationality Act, 8 U.S.C. §§ 1226

2    and 1357(a)(2), and the Fourth and Fifth Amendments to the United States Constitution.

3                                                    IX

4                                THIRD CAUSE OF ACTION

5            [Failure to take into account the care of UFCW's members' children]

6

7        37. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-32 above

     as though fully re-alleged here.
8

9        38. During the Swift Raids defendants' agents detained and arrested members of

10   plaintiff the UFCW without regard to children of such members who required the care

11   and custody of a responsible adult. Defendants' actions in this regard violated

12   defendants' internal policies and the due process guarantee of the Fifth Amendment of

13   the United States Constitution.

14                                                    X

15                               FOURTH CAUSE OF ACTION

16                     [UNLAWFUL DENIAL OF ACCESS TO COUNSEL]

17
         39. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-32 above
18
     as though fully re-alleged here.
19
         40. Defendants' policy, practice, custom and usage is to deny persons detained
20

21   during work place raids reasonably prompt access to attorneys who are willing and

22   available to advise and/or represent them. Said policy, practice, custom and usage

23   violate the First and Fifth Amendments to the United States Constitution.

24                                                   XI

25                                FIFTH CAUSE OF ACTION

26                            [FOR DAMAGES UNDER BIVENS]

27
         41. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-32 above
28
     as though fully re-alleged here.

Original Complaint

- 14 -

42. The actions of defendants as described throughout this Complaint violated the well-established Fourth Amendment rights of the named individual plaintiffs to be free from unreasonable searches and seizures and the individual named plaintiffs therefore seek damages in an amount to be proven at trial from defendants John and Jane Does 1-100 pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Pursuant to the Seventh Amendment the individual named plaintiffs demand a civil jury trial on their *Bivens* claim for damages.

XII

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court —

1. Assume jurisdiction over this action;

2. Certify this action as a class action pursuant to Rule 23(b)(2), Fed.R.Civ.Proc.;

3. Declare that defendants' policies, procedures, and practices as alleged throughout this Complaint violate the Immigration and Nationality Act and the Fourth Amendment and the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution;

4. Issue injunctive relief requiring that defendants, their agents, employees, and successors in office comply with the Immigration and Nationality Act and the Fourth Amendment and the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution when engaged in work-place enforcement activities;

5. Grant the individual named plaintiffs a civil jury trial on their damage claims;

6. Award Plaintiffs costs of suit and attorney's fees reasonably incurred as a result of this lawsuit; and

/ / /

Original Complaint

- 15 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1    7. Grant such further relief as the Court may deem just and proper.

2    Dated: September 11, 2007          Respectfully submitted,

3

4                                       Peter A. Schey, (CA # 58232)
5                                       Carlos R. Holguin, (CA # 90754)
                                        Stephanie Richard (DC #498701)
6                                       Center for Human Rights and
                                        Constitutional Law
7                                       256 S. Occidental Blvd.
                                        Los Angeles, CA 90057
8                                       Telephone: (213) 388-8693 exts. 104, 109
                                        Facsimile: (213) 386-9484
9                                       Email: pschey@centerforhumanrights.org,
                                        crholguin@centerforhumanrights.org
10                                      srichard@centerforhumanrights.org

11

12                                      Edward P. Wendel (DC #217-224)
                                        Gening Liao (CA #248075)
13                                      United Food and Commercial Workers
                                        International Union
14                                      1775 K Street, NW
                                        Washington, DC 20006-1598
15                                      Telephone: (202) 466-1521
                                        Fax: (202) 728-1803
16                                      Email: ewendel@ufcw.org
                                        gliao@ufcw.org
17

18

19                                      Philip R. Russ (TX #17406000)
                                        Law Offices of Philip R. Russ
20                                      2700 S. Western Street, Suite 1200
                                        Amarillo, TX 79109
21                                      Telephone: (806) 358-9293
                                        Fax: (806) 358-9296
22                                      Email: Philiprruss@russlawfirm.com

23

24

25                                      By: _____
                                             Philip R. Russ
26                                           Texas State Bar No. TX #17406000

27                                      *Attorneys for Plaintiffs*

28

Original Complaint                                      Center for Human Rights & Constitutional Law
                                                                    256 S. Occidental Blvd.
                          - 16 -                                    Los Angeles, CA 90057
                                                                         213/388-8693